### THE STATE v. WILLIAM GREEN.

The jury are to judge of the weight of evidence, taking into consideration, every circumstance of the case; therefore, testimony which is thought by them sufficient to convict on an indictment for adultery, is conclusive after verdict; even if the court should be of a different opinion.

THIS was an indictment for adultery.    After verdict, Mr. Reeve and Mr. Tracy, counsel for the prisoner, moved in arrest.    They showed for cause, that the testimony produced against the prisoner, on trial, was, that some persons suspecting said Green to be with Tryphena, wife of Samuel Rossetar, at 9 o'clock in the evening of the 10th day of May, 1786; and that they set out to go to the house of Rossetar,

and were told that said Tryphena had said she should lodge at a neighbor's house that night. They, however, went to the house, and found the doors fastened. They then went to the neighbor's house mentioned, and found she was not there. They returned again to Rossetar's house, and having heard some person nailing a window, they looked in and found Green in bed with said Tryphena, a little after 10 o'clock in the evening; and she was seen to turn from Green while in bed undressed: Which fact was not contested by the counsel assigned for the prisoner; but the whole matter in dispute was, whether that fact was sufficient to convict upon the statute against adultery: And that the verdict was found against law.

For the prisoner they urged, that this was not proof of the crime of adultery; though it was undoubted proof of a different crime of a lower nature, for which the legislature have expressly provided a punishment, by statute; which is: " That if any man be found in bed with another man's wife, the man and woman so offending, being thereof convicted, shall be severely whipt, not exceeding thirty stripes." This statute was expressly provided for cases like the present, where clear proof cannot be had of the act of adultery; for the law will not punish men with the severity affixed to the crime of adultery, upon mere presumption.

The motion overruled.

By the whole COURT. The jury are by law the proper judges of the weight of evidence, on the whole circumstances of the case: And although the prisoner, by the same testimony, might have been proceeded against and convicted on another statute, for a lower offense; yet it cannot from thence be inferred, that the evidence was not sufficient to convict him of adultery.

Note.— In this case motion was made for the admission of a witness, to prove that the prisoner, at a time previous to the crime alleged, hired this witness to go to the house, and see whether the woman's husband was at home.

Objected by the prisoner's counsel, because it was no part of the facts alleged in the indictment.

The witness was admitted:  For,

By the whole Court.   Though it is no part of the direct charge in the indictment, it is a circumstance which leads to the crime.